IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FABIOLA VERA, on behalf of herself and other persons similarly situated,
    Plaintiff,

vs.

BLINK MOBILE,
    Defendant.

Case No.:

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

Plaintiff Fabiola Vera, through her attorney Roberto Luis Costales, files this Class Action Complaint against Defendant Blink Mobile.

## NATURE OF THE ACTION

1. This is an action by Fabiola Vera ("Plaintiff") on behalf of herself and all others similarly situated to recover unpaid overtime wages. Plaintiff was employed as a sales representative by Defendant Blink Mobile ("Defendant"). While working for the Defendant, Plaintiff was not paid one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. ("IMWL").

2. Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of herself and other similarly situated employees who worked for Defendant during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

3. Plaintiff also brings this action on behalf of herself and a Plaintiff Class pursuant to Fed. R. Civ. P. Rule 23(a) and (b) to recover all back wages, punitive damages, and attorneys' fees and costs under the IMWL. 820 ILCS § 105/12.

CLASS ACTION COMPLAINT - 1

## JURISDICTION

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. §1367.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that all Plaintiff's claims herein alleged arose within the Northern District of Illinois.

## PARTIES

### Plaintiff Fabiola Vera

6. Plaintiff is a resident of Illinois.

7. Plaintiff was hired by Defendant in the summer of 2013 and worked for Defendant until approximately February of 2016.

8. Plaintiff worked as a sale representative. In connection therewith Plaintiff explained different cellular phone styles and service programs to customers, and also sold those cellular phones and service programs.

9. Defendants paid Plaintiff $10.00 per hour. For every hour that she worked in excess of forty in any particular week she was still only paid $10.00 per hour.

10. At all relevant times, Plaintiff was an "employee" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e) and/or the IMWL, 820 ILCS § 105/1 *et seq*.

### Defendant Blink Mobile

11. Defendant Blink Mobile is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

12. Blink Mobile is in the business of selling cellular phones and cellular phone service plans. In connection therewith, Blink Mobile operates at least 5 separate store locations in Illinois.

13. Blink Mobile supervised the day to day work activities of Plaintiff.

14. Blink Mobile determined Plaintiff's work schedule for the employment at issue herein.

15. Blink Mobile maintained an employment file for Plaintiff, including a record of all hours and dates worked by Plaintiff.

16. Blink Mobile is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1) and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) and/or IMWL, 820 ILCS 105/1 et seq.

17. Blink Mobile is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3(c), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## **FACTUAL ALLEGATIONS**

18. Defendant sells cellular phones and cellular phone service plans to customers at various retail stores located in Illinois. Defendant's services include explaining different cellular phone styles and service programs to customers, and also selling those cellular phones and services. Defendant employs more than ten sales representatives at each of its various store locations.

19. Plaintiff worked as a sales representative.

CLASS ACTION COMPLAINT - 3

20. Plaintiff normally worked more than 40 hours a week for Defendant. Defendant often required Plaintiff to work at least six days per week.

21. Plaintiff was usually paid by check.

22. Defendant never paid Plaintiff one-and-half times her hourly rate for all hours worked in excess of forty in a workweek.

23. Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA. Defendant is and was aware of the custom and practice of overtime pay from its experience and expertise in the industry in which it works.

## **CLASS ACTION ALLEGATIONS**

24. Defendant paid the named Plaintiff and other Class Members at an hourly rate for work performed.

25. Defendant directed Plaintiff and Class Members to work, and Plaintiff and Class Members did work, in excess of forty hours in individual workweeks in the three years prior to the filing this lawsuit.

26. Plaintiff and Class Members were not exempt from the overtime provisions of the FLSA or the IMWL and Plaintiff and Class Members were entitled to be paid overtime wages for all time worked in excess of forty hours in individual workweeks.

27. Defendant did not pay Plaintiff and Class Members overtime wages for the time they worked in excess of forty hours in individual workweeks.

28. Defendant's failure to pay Plaintiff and Class Members overtime wages for all time worked in excess of forty hours in individual workweeks was a violation of the FLSA and the IMWL.

CLASS ACTION COMPLAINT - 4

29. Plaintiff seeks to certify a class action pursuant to FRCP Rule 23 of her state law claims for Illinois-mandated overtime wages (Count II) arising under the IMWL.

30. Count II is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

    (a) The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed over forty laborers in Illinois during the IMWL Class Period;

    (b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members;

    (c) These common questions of law and fact include, without limitation:

        i. Whether Defendant owed Plaintiff and Class Members overtime.

        ii. Whether Defendant failed to pay Plaintiff and Class Members overtime.

    (d) Plaintiff and Class Members have been equally affected by Defendant's failure to pay Illinois overtime wages and other earned wages;

    (e) Given the potentially small nature of the claims at issue, Class Members may be reluctant to pay an attorney to bring their claim independently;

    (f) Plaintiff and Class Members have a commonality of interest in the remedies sought by this lawsuit and the Plaintiff can fairly and adequately represent the interests of the Class Members;

    (g) If individual actions are required to be brought by each Class Member, the result would be a multiplicity of actions creating a hardship on the Class

Members, Defendant and the Court, and which would also risk inconsistent verdicts and/or results despite the same operative facts.

31. Therefore, a class action is an appropriate method for the fair and efficient adjudication of Class Members' IMWL claims.

32. Plaintiff also seeks to certify this case as a "collective action" pursuant to 29 U.S.C. § 216.

33. Collective action certification is appropriate because Plaintiff and the Class Members are "similarly situated" where Defendant had a "policy" or "practice" of categorically denying Class Members overtime pay for overtime hours worked.

34. Therefore, a collective action is an additionally appropriate method for resolving Class Members' FLSA claims.

## COUNT I
## Fair Labor Standards Act Violations – FLSA Class Claims

35. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

36. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of herself and an "FLSA Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly, day rate, or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

37. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their

CLASS ACTION COMPLAINT - 6

regular rate for all hours worked in excess of forty in a workweek from at least the summer of 2013 and continuing until the present.

38. As a consequence of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Illinois Minimum Wage Law Violations – IMWL Class Claims

39. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

40. Plaintiff brings the claims set forth in Count II, alleging violations of the IMWL, as a putative collective action on behalf of herself and an "IMWL Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly, day rate, or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek. 820 ILCS 105/12(a).

41. Defendant directed Plaintiff and Class Members to work, and Plaintiff and Class Members did work, in excess of forty hours in individual workweeks in the three years prior to the filing this lawsuit.

42. Plaintiff and Class Members were not exempt from the overtime provisions of the IMWL and Plaintiff and Class Members were entitled to be paid overtime wages for all time worked in excess of forty hours in individual workweeks.

43. Defendant did not pay Plaintiff and Class Members overtime wages for all time worked in excess of forty hours in individual workweeks.

CLASS ACTION COMPLAINT - 7

44. Defendant's failure to pay Plaintiff and Class Members overtime wages for all time worked in excess of forty hours in individual workweeks was a violation of the IMWL.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the IMWL Class are entitled to recover unpaid overtime wages for three years prior to the filing of this lawsuit.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Certifying this case as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b) for Defendant's violations of the IMWL overtime provisions;

c. Entering judgment in the amount of all unpaid overtime wages due and owing under the FLSA to the Plaintiff and FLSA Class as well as all applicable liquidated damages;

d. Entering judgment in the amount of all back wages due to Plaintiff and the IMWL Class as provided by the IMWL;

e. Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

f. Declaring that Defendant's conduct violated the FLSA;

g. Enjoining Defendant from violating the FLSA's overtime provisions;

h. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

<u>June 6, 2017</u>

*Respectfully Submitted,*

<u>*/s/ Roberto Luis Costales*</u>
Roberto Luis Costales, Esq. (#33696)
BEAUMONT COSTALES LLC
3151 W. 26th Street
2nd Floor
Chicago, IL 60623
Telephone: (773) 5831-8000
rlc@beaumontcostales.com

*One of Plaintiff's Attorneys*